UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIO FRANCISCO AYALA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No.: C05-0225-RSM-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 1995 federal court sentence. Respondent filed a response opposing petitioner's motion. Following a careful review of the record, this Court concludes that petitioner's § 2255 motion should be denied.

## FACTS

On May 3, 1995, petitioner and three co-defendants were indicted by a federal grand jury for conspiracy to distribute cocaine and cocaine base. Case No. CR95-00043, Dkt. No. 45. Petitioner pleaded guilty to count one of the indictment, stipulating that he was responsible for at least forty (40) kilograms of cocaine and sixty-eight (68) kilograms of cocaine base. Dkt. No. 45. On November 7, 1995, Judge Rothstein sentenced petitioner to 210 months' imprisonment. Dkt. No 119. Petitioner did not file a direct appeal.

REPORT AND RECOMMENDATION
PAGE -1

01     On June 8, 2001, petitioner filed a § 2255 motion with this Court. Case No. CV01-
02 865R, Dkt. No. 1. In that motion, petitioner relied upon the Supreme Court's decision in
03 *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), to argue that his plea was not knowing and
04 voluntary, that the court had misapplied the Federal Sentencing Guidelines, and that he had
05 received ineffective assistance of counsel. Dkt. No. 1. The Court, however, denied the motion
06 as time barred under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No.
07 104-132, 110 Stat. 1214, Sec. 105 (1996), codified in relevant parts at 28 U.S.C. §§ 2244 and
08 2255. Dkt. Nos. 9-10.
09     Petitioner filed the present motion on February 11, 2005. CV05-00225, Dkt. No. 1.

10                                CLAIMS FOR RELIEF

11     Relying on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), petitioner argues that his
12 sentence violates the Sixth Amendment because certain facts used to determine his sentence
13 were never proved to a jury beyond a reasonable doubt. Dkt. No. 1. He also argues that he
14 received ineffective-assistance-of-counsel and that his guilty plea was not knowingly and
15 voluntarily made. Dkt. No. 1
16     In its response, respondent argues that the motion should be denied because it is
17 successive. Dkt. No. 7. Respondent argues that petitioner is seeking authorization from the
18 Ninth Circuit Court of Appeals prior to filing a successive application in this Court and that,
19 even if petitioner did seek such authorization, the motion would not be granted because
20 *Blakely* does not apply retroactively to cases on collateral review. Dkt. No. 7.

21                                    DISCUSSION

22     The Anti-Terrorism and Effective Death Penalty Act of 1996 places strict limits on the
23 circumstances in which second or successive habeas petitions can be considered by district
24 courts. The Act specifically prohibits this Court from hearing a second or successive § 2255
25 motion unless a panel of the Ninth Circuit Court of Appeals certifies that it contains:
26

REPORT AND RECOMMENDATION
PAGE -2

(1)  newly discovered evidence that, if proven and viewed in light of the evidence as a while, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §§ 2255; 2244(b)(2)(A) & (B).  A claim is considered "successive" when the "basic thrust or gravamen of the legal claim is the same [as an earlier motion], regardless of whether the basic claim is supported by new and different legal arguments." *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (internal citations omitted).

Additionally, denial of a § 2255 motion on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent motion "second or successive." *Henderson v. Lappert*, 396 F.3d 1049, 1053 (9th Cir. 2005).  Even though dismissal on grounds of procedural default is not a determination of the merits of the claim, "it is . . . a determination on the merits that the underlying claims will not be considered by a federal court." *Id.*  When a motion is "successive," this Court lacks jurisdiction to consider it. *See Allen*, 157 F.3d at 664.

This Court lacks jurisdiction to consider petitioner's motion because it is a second and successive petition.  As described above, petitioner filed a motion in 2001 that raised essentially the same allegations that he now presents to the Court.  The Court, however, dismissed that motion as being time-barred.  Petitioner's present motion is therefore successive.  Because the Court determines that the motion is successive, it need not address its underlying merits.

Although this Court would ordinarily transfer such a motion to the Court of Appeals to determine whether a successive motion should be certified under 28 U.S.C. § 2244(a)(3), such a transfer is not appropriate in this case.  The Ninth Circuit has already recognized that *Blakely* cannot be applied retroactively in the context of a secondary or successive motion. *See Cook*

REPORT AND RECOMMENDATION
PAGE -3

*v. United States*, 386 F.3d 949, 950 (9th Cir. 2004).  Because petitioner's current motion rests on the retroactive application of *Blakely* in a secondary or successive petition, his motion should be denied.

## CONCLUSION

Because this Court concludes that petitioner's motion is successive under 28 U.S.C. §§ 2244 and 2255, and because Ninth Circuit precedent precludes its certification, the Court recommends that the motion be denied and the action dismissed.  A proposed order accompanies this Report and Recommendation.

DATED this 7th day of June, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge